IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GILBERT J. CROCKRAN and<br>BENNIE R. CROCKRAN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | Case No. 04-0705-CV-W-ODS |
| JORGE NEWBERRY, et al., | )<br>)<br>) | |
| Defendants. | ) | |

ORDER AND OPNION GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending is Defendants' Motion for Summary Judgment. The uncontroverted facts in the record demonstrate Defendants are entitled to judgment as a matter of law. Therefore, the motion (Doc. # 32) is granted.

I. BACKGROUND

Jorge Newberry is a real estate investor and an Ohio citizen. Pickwick Partners, LLC ("Pickwick") is a Missouri Limited Liability Company but all of its members are citizens of states other than Missouri; Newberry is Pickwick's managing member. Budget Real Estate, Inc. ("Budget") is a California Corporation with a principle place of business outside of Missouri; Newberry is Budget's President. Teach Property Management LLC ("Teach") is a Missouri Limited Liability Company. Newberry, John Gregory and Pam Duckett are Teach's only members, and all three individuals are citizens of Ohio. Plaintiffs were citizens of Missouri at the time the lawsuit was filed. The Court has jurisdiction even though the LLC's were organized under Missouri law because an LLC's citizenship is determined by its members' citizenships and not the

state of its organization.  <u>South Dakota Farm Bureau, Inc. v. Hazeltine</u>, 340 F.3d 583, 591 (8th Cir. 2003).[1]

Pickwick owns an apartment complex ("the Complex") in Missouri; the Complex is managed by Teach.  Gregory was the manager/supervisor for the Complex (as well as for other locations).  Plaintiff Gilbert Crockran ("Gilbert") worked for Budget in California from approximately mid-1998 through March 2003.  His duties involved acting as Newberry's personal assistant.  There was no written employment contract.  In March 2003, Newberry offered Gilbert the position of on-site property manager for the Complex.  Gilbert accepted the offer and began working at the Complex at the beginning of April 2003.  Bennie Crockran ("Bennie") – Plaintiff's wife – was also given a job as a leasing agent for the Complex, commencing in early May 2003.  The precise terms and the identity of the employer is subject to factual dispute, but Plaintiffs insist the contract was for a term of two years.  The alleged oral agreements were not reduced to writing.

Gilbert's employment was terminated on March 3, 2004.  Bennie's employment ended on the same date, although there is a factual dispute as to whether she voluntarily resigned or was terminated.  Plaintiffs allege they verbally requested service letters but did not receive a response.  In late April 2004, Plaintiffs sent separate requests for a service letter to Newberry.  They mailed the request to him in care of Pickwick at the Complex's address in Kansas City, Missouri, and they were received on May 4 and May 14, respectively.  On June 9, Gregory sent separate service letters to each Plaintiff.  The letters appear on Pickwick's letterhead and include the Complex's address.  Gregory signed the letter in his dual capacity as Pickwick's manager and Teach's President.  Both letters described the duration and duties of Plaintiffs' employment and provided reasons for the end of the employment relationship.  Gilbert's letter provided the following explanation:

> Our records reflect that your employment was terminated because of questions that were raised about your management of Pickwick Plaza

---

[1] There is no doubt that more than $75,000 is in controversy.

2

> Apartments. More specifically, it was reported to us that rent payments were being taken in cash and that no receipts were being prepared. It was also reported to us that you were having inappropriate contact with residents. While these claims were being investigated, your wife became involved in a physical altercation with or in connection with a resident. You were directed to suspend your wife pending the outcome of the investigation of that incident. When your wife continued to return to the premises, and as a result of the accumulation of the incidents described above, you were discharged.

Bennie's letter stated as follows:

> Our records show that your employment came to an end after you became involved in a physical altercation with a resident. While that incident was being investigated, Gilbert Crockran had been instructed to suspend you and not allow you to return to work pending the investigation. When it was discovered that you had nonetheless continued to come to work, and based on other incidents and situations involving Mr. Crockran, he was discharged. At that time, you voluntarily quit the service of the Company.

Plaintiffs received their letters a few days after they were mailed. They now assert two claims: breach of contract and violation of the Missouri Service Letter statute.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary

3

judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## A. Breach of Contract

Defendants raise several arguments regarding Plaintiffs' breach of contract claim. Several of them seem to have merit, but the easiest issue to address is the lack of a writing evidencing the parties' agreement. Under Missouri law, an action cannot be brought "upon any agreement that is not to be performed within one year from the making" of the contract unless there is a writing signed by the party against whom the contract is to be enforced. Mo. Rev. Stat. § 432.010. "In short, an oral agreement for employment in excess of one year violates the Missouri statute of frauds. Moreover, a written memorandum that allegedly memorializes the terms of an oral agreement will not suffice unless it contains all the essential terms of a contract, including the signature of the party to be charged." Venable v. Hickerson, Phelps, Kirtley & Associates, Inc., 903 S.W.2d 659, 663 (Mo. Ct. App. 1995). Plaintiffs offer no argument demonstrating the statue of frauds is inapplicable or has been satisfied. Based on the undisputed facts in the record, Defendants are entitled to judgment.

## B. Service Letter Statute

As with Count I, Defendants raise several potentially meritorious arguments regarding Plaintiffs' claims under the service letter statute. Not all of them need to be addressed. A valid request for a service letter must, *inter alia*, be in writing. Mo. Rev. Stat. § 290.140.1. Therefore, Plaintiffs' oral requests for a service letter were invalid and there can be no claim based on Defendants' failure to respond to those oral requests.

Plaintiffs eventually provided a written request and concede they were provided with service letters. They nonetheless contend they are entitled to nominal, actual and

4

punitive damages because the service letters did not state the true and accurate reasons for the termination of their employment. "Punitive damages are not recoverable when the service letter contains a cause for discharge, even if the stated cause is incorrect." Ryburn v. General Heating & Cooling, Co., 887 S.W.2d 604, 607 (Mo. Ct. App. 1994); see also Mo Rev. Stat. § 290.140.2.

Defendants also correctly observe the obligation to issue a service letter falls only on employers who are corporations. Budget is the only corporate defendant, so the other defendants cannot be liable under the statute. In addition, Budget cannot be held liable because (1) Budget was not Plaintiffs' employer and (2) Plaintiffs did not ask to issue them a service letter.

### III. CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: March 8, 2006　　　　　　　　　　UNITED STATES DISTRICT COURT

5